UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LASHEAKA WEBB** | **CASE NO. 6:23-CV-01144** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **COMMISSIONER OF SOCIAL SECURITY** | **MAGISTRATE JUDGE DAVID J. AYO** |

### MEMORANDUM ORDER

Before the court is a petition for attorney fees filed by appellant Lasheaka Webb pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Rec. Doc. 16). The motion is unopposed.

The appellant filed an application for supplemental security income benefits on behalf of her minor child, K.L.C. on September 8, 2016. (Rec. Doc. 10 at p. 2). On or about March 2, 2017, the Commissioner found K.L.C. met specified disability listings and determined that K.L.C.'s was disabled due to ADHD. (*Id.*). In 2021, the Commissioner issued a finding that K.L.C.'s disability had ceased and benefits would be discontinued accordingly. The appellant filed a Request for Reconsideration and a hearing was held before a Disability Hearing Officer ("DHO"). (*Id.* at p. 3). On December 1, 2021, the DHO issued a decision finding that K.L.C.'s disability had ceased. (*Id.* at p. 3). The appellant appealed the DHO's decision and appeared unrepresented at a telephone hearing before an Administrative Law Judge ("ALJ"). On November 30, 2022, the ALJ issued an unfavorable decision, finding K.L.C.'s disability ceased effective June 2, 2021. (*Id.* at p. 4).

The appellant filed the instant federal appeal in this court on August 23, 2023. (Rec. Doc. 1). On February 28, 2024, the Commissioner filed a Motion to Remand, which was unopposed by the appellant. (Rec. Doc. 14). By order of March 7, 2024, the Commissioner's

motion was granted, reversing and remanding the appellant's case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Rec. Doc. 15).

The appellant now seeks a total of $3,250 in fees at the rate of $200.00 per hour for 16.25 hours. (Rec. Doc. 16). In support of this request, the appellant's counsel, Edward J. Cloos, III, submitted a schedule describing the services performed on behalf of his client and the time billed in connection with each task. (Rec. Doc. 16-2).

### *Guidelines for Attorney's Fees and Expenses Calculation*

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses… unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (citing *Herron v. Bowman*, 788 F.2d 1127, 1130 (5th Cir. 1986)). A party who wins a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Breaux v. United States Department of Health and Human Services*, 20 F.3d 1324 (5th Cir. 1994). Considering the appellant's fourth sentence remand by the court and the lack of opposition to the appellant's instant fee award motion, this Court finds that the appellant is entitled to an award of reasonable attorney fees under the EAJA in this case.

### *Reasonable Hourly Rate*

The hourly rate at which an attorney fee award under the EAJA may be calculated is determined "according to prevailing market rates in the relevant legal market." *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000). Where the prevailing market rate exceeds the $125.00 statutory cap, the court must examine whether "an increase in the cost of living or a

special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher rate." 28 U.S.C. § 2412(d)(2)(A)(ii).

In *Carr v. Kijakazi*, 2023 WL 3168676 (W.D. La. 4/13/2023), *report adopted*, 2023 WL 3168343 (4/28/2023), the Western District of Louisiana reconsidered the prevailing market rate for social security fee awards under the EAJA. The Court found an hourly rate of $200.00 was reasonable based on increases in cost of living since its last examination of the issue in 2016, wherein it set the prevailing rate at $175.00 per hour. (*Id.* at * 3) (citing *Montgomery v. Colvin*, 2016 WL 4705730 (W.D. La. 8/16/2016), *report adopted*, 2016 WL 4705573 (W.D. La. 9/8/2016)).

### *Reasonable Hours Expended*

The Commissioner does not oppose the number of hours claimed by the claimant's attorney. Furthermore, the undersigned concludes that the claimed time expenditure of 16.25 hours is reasonable for this type of case.

### *Johnson Analysis*

Having determined the lodestar by establishing the prevailing market rate and the hours reasonably expended, the next step requires that the court analyze the twelve *Johnson* factors to determine if the lodestar requires adjustment. *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 392 (5th Cir. 2016) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)). In this case, the lodestar is $200.00 x 16.25, or $3250.00.

Under *Johnson*, the court should consider the impact of the following factors on the lodestar: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the

skill required of the attorney; (4) the preclusion of other work; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, at 718-719. Factors 1, 3, 8, 9, and 12 are reflected in the lodestar. *Walker v. U.S. Dept. of Housing and Urban Dev.*, 99 F.3d 761 (5th Cir. 1996) (cautioning court against double-counting certain *Johnson* factors already fairly represented by the lodestar). No evidence before this Court indicates that an adjustment of the lodestar under factors 2, 4, 5, 6, 7, 10 or 11 is warranted in this case.

For the foregoing reasons, it is hereby

**ORDERED** that the appellant's pending Motion for Attorney's Fees Pursuant to 28 U.S.C. § 2412 (Rec. Doc. 16) is GRANTED based on this Court's finding that the lodestar established as $200 x 16.25 hours should be applied under applicable law and jurisprudence. Accordingly, it is further

**ORDERED** that the sum of $3,250.00 is awarded to appellant Lasheaka Webb as an EAJA attorney fee. The Commissioner of the Social Security Administration shall remit to appellant's counsel a check made payable to Lasheaka Webb in the amount of $3,250.00 pursuant to 28 U.S.C.§ 2412(d)(1)(A) within forty-five days of the issuance of this Order.

SO ORDERED this 28th day of August, 2024 at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**